

**U.S. Department of Justice**

***Carmen M. Ortiz***
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

August 5, 2014

Mark Pearlstein, Esq.
McDermott Will & Emery LLP
28 State Street
Boston, MA 02109

Re: United States. v. Marco Bitran

Dear Mr. Pearlstein:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Marco Bitran ("Defendant"), in the above-referenced case. The Agreement is as follows:

1. Change of Plea

At the earliest practicable date, Defendant shall waive indictment and plead guilty to the Information attached to this Agreement charging him with conspiracy to commit securities fraud, wire fraud and obstruction/falsification of documents in violation of 18 U.S.C. § 371. Defendant expressly and unequivocally admits that he committed the crime charged in Count One of the Information, did so knowingly and willfully, and is in fact guilty of that offense.

The U.S. Attorney agrees not to bring any other charges against Defendant based on conduct underlying the crime charged in this case, including, but not limited to charges pursuant to 15 U.S.C. § 78j(b) and 78ff, 18 U.S.C. § 1343 or § 1519.

2. Penalties

Defendant faces the following maximum penalties: incarceration for a period of five years; supervised release for a period of three years; a fine of $250,000, or twice the gross gain/loss, whichever is greater; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Information.

Defendant also recognizes that pleading guilty may have consequences with respect to his

MB

immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including defense counsel and the District Court, can predict to a certainty the effect of this conviction on Defendant's immigration status. Defendant nevertheless affirms his decision to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is Defendant's automatic removal from the United States.

3. Fed. R. Crim. P. 11(c)(1)(C) Plea

This plea agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Defendant's guilty plea will be tendered pursuant to that provision. In accordance with Rule 11(c)(1)(C), if the District Court ("Court") accepts this Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any aspect of this Agreement, the U.S. Attorney or Defendant may deem the Agreement null and void. Defendant expressly understands that he may not withdraw his plea of guilty unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

4. Sentencing Guidelines

The parties agree jointly to take the following positions at sentencing under the United States Sentencing Guidelines ("USSG" or "Guidelines"):

The parties agree with respect to the application of the USSG that:

(i) in accordance with USSG § 2B1.1(a), Defendant's base offense level is 6, because the offense involved fraud and has a statutory maximum term of imprisonment of 5 years or more;

(ii) in accordance with USSG § 2B1.1(b)(2)(A), Defendant's offense level is increased by 4 because there were more than fifty victims;

(iii) in accordance with USSG § 2B1.1(b)(10), Defendant's offense level is increased by 2 because it involved sophisticated means;

(iv) in accordance with USSG § 2B1.1(b)(18), Defendant's offense level is increased by 4 because the offense involved a violation of securities law and at the time of the offense, the Defendant was an investment adviser; and

(v) in accordance with USSG § 3C1.1, Defendant's offense level is increased by 2 because it involved the obstruction of the administration of justice.

The United States Attorney also agrees to take the position that, in accordance with USSG

JB
MB

§ 2B1.1(b)(1)(N), Defendant's offense level is increased by 26 because the loss to investors caused by Defendant's conduct was more than $100 million but not in excess of $200 million.

The Defendant agrees to take the position that, in accordance with USSG § 2B1.1(b)(1)(J), Defendant's offense level is increased by 18 because the loss to investors was $4.5 million.

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and provided Defendant meets all conditions of this plea agreement, based upon information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under USSG §3E1.1.

The U.S. Attorney may, at her sole option, be released from her commitments under this Agreement, including, but not limited to, her agreement that Paragraph 5 constitutes the appropriate disposition of this case, if at any time between Defendant's execution of this Agreement and sentencing, Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit Defendant's conduct in the offense of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(d) Fails to provide truthful information about his financial status and assets that may include proceeds of the crime;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG §1B1.3;

(f) Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Agreement, fails to fully cooperate, fails to disclose all assets owned in whole or in part by the Defendant, his spouse, his children, or any entity over which he has substantial control, whether direct or indirect, within thirty days of signing this plea agreement, fails to take appropriate steps to marshal the assets for availability for restitution prior to sentencing, or makes any false statement in this Agreement concerning ownership of the Forfeitable Properties; or

(j) Attempts to withdraw his guilty plea.

Nothing in this Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5. Agreed Disposition

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the U.S. Attorney and Defendant agree that the following is a reasonable and appropriate disposition of this case:

(a) incarceration for a period of not less than twenty-four and not more than sixty months;

(b) no fine on the ground that any payments available here should be applied to restitution;

(c) not less than 12 months and not more than 36 months of supervised release;

(d) mandatory special assessment in the amount of $100;

(e) restitution to be satisfied by the forfeitures set forth in Paragraph 10 below, and payments of 10% of the Defendant's adjusted gross income as reported on his federal tax returns for the enforceable term of the judgment, and

(f) forfeiture as set forth in Paragraph 10.

Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than twenty-one days before sentencing. The United States agrees that it will provide any expert reports, motions, memoranda of law or documentation on which the United States intends to rely at sentencing at least a week before sentencing.

Within the Guidelines sentencing range agreed to by the parties, the sentence to be imposed upon Defendant is within the discretion of the Court, subject to the provisions of the advisory USSG and the factors set forth in 18 U.S.C. §3553(a).

Nothing in this Agreement requires the United States to recommend or support any resolution that would limit or extinguish a victim's rights over the objection of that victim.

6. Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on the date of sentencing.

7. Protection of Assets for Payment of Restitution, Forfeiture and Fine

Defendant agrees not to transfer, or authorize the transfer of, any asset that has been restrained by Order of the Court in this case or any asset, whether or not restrained, that Defendant has agreed to pay in restitution or forfeit pursuant to this Agreement.

Defendant assents to an entry of an order restraining and agrees not to transfer, or authorize the transfer of any other asset in which he has an interest or any access or control without prior express written consent of the U.S. Attorney, except for

(a) Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom he owes a legal duty of support, so long as such assets do not exceed $10,000 per month;

(b) Attorney's fees incurred in connection with this criminal case; and

(c) Expenses relating to the operation of the real estate business that are set forth on the itemized schedule on Attachment A or otherwise approved by the U.S. Attorney's office in writing.

This restriction shall be effective as of the date of Defendant's execution of this Agreement and continue until the special assessment and forfeiture ordered by the Court at sentencing and any tax liability incurred as a result of the conduct charged in the Information are satisfied in full. This restriction shall not be in effect as to the continued restitution payment obligation of 10% of the Defendant's adjusted gross income as reported on his federal tax returns so long as such yearly payment obligations are satisfied for the enforceable term of the judgment.

Defendant further agrees that, within ninety days of signing this agreement and to be updated prior to sentencing, he will truthfully and accurately complete the sworn financial statement enclosed with this Agreement and will assist in the accounting for, liquidating and marshaling assets for the benefit of victims restitution.

8. Waiver of Right to Appeal and to Bring Future Challenge

(a) Defendant has conferred with his attorney and understands that he has the right to challenge his conviction in the United States Court of Appeals for the First Circuit ("direct appeal"). Defendant also understands that, in some circumstances, Defendant may be able to challenge his conviction in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. §2255, 28 U.S.C. §2241 or 18 U.S.C. §3582(c). Defendant waives any right to challenge Defendant's conviction on direct appeal or in any future proceeding (collateral or otherwise).

(b) Defendant has conferred with his attorney and understands that defendants



ordinarily have a right to challenge in a direct appeal their sentences (including any orders relating to supervised release, fines, forfeiture, and restitution) and may sometimes challenge their sentences (including any orders relating to supervised release, fines, forfeiture, and restitution) in a future proceeding (collateral or otherwise) such as pursuant to 28 U.S.C. §2255, 28 U.S.C. §2241 or 18 U.S.C. §3582. The rights that are ordinarily available to a defendant are limited when a defendant enters into a Rule 11(c)(1)(C) agreement. In this case, Defendant waives any rights Defendant may have to challenge the agreed-upon sentence (including any agreement relating to supervised release, forfeiture, and restitution) on direct appeal and in a future proceeding (collateral or otherwise), such as pursuant to 28 U.S.C. §2255 and 28 U.S.C. §2241. Defendant also waives any right Defendant may have under 18 U.S.C. §3582 to ask the Court to modify the sentence, even if the USSG are later amended in a way that appears favorable to Defendant. Likewise, Defendant agrees not to seek to be resentenced with the benefit of any change to Defendant's Criminal History Category that existed at the time of Defendant's original sentencing. Defendant also agrees not to challenge the sentence in an appeal or future proceeding (collateral or otherwise) even if the Court rejects one or more positions advocated by any party at sentencing. In sum, Defendant understands and agrees that in entering into this Agreement, the parties intend that Defendant will receive the benefits of the Agreement and that the sentence will be final.

(c) The U.S. Attorney agrees that she will not appeal the imposition by the Court of the sentence agreed to by the parties as set out in Paragraph 5, even if the Court rejects one or more positions advocated by either party at sentencing.

(d) Notwithstanding the previous subparagraphs, Defendant reserves the right to claim that Defendant's lawyer was ineffective in connection with the negotiation of this plea agreement or the entry of the guilty plea.

9. Probation Department Not Bound By Agreement

The sentencing disposition agreed upon by the parties and their respective calculations under the USSG are not binding upon the United States Probation Office.

10. Forfeiture

Defendant understands that the Court will, upon acceptance of his guilty plea, enter an order of forfeiture as part of his sentence, and that the order of forfeiture may include assets directly traceable to his offense, assets used to facilitate his offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the



offense.

    The assets to be forfeited are limited to the following:

a. All stock or other holdings, right, title, and interest held in the name of Devorah Bitran in Eastham Capital Fund III;

b. All stock or other holdings, right, title, and interest held in the name of Lecount Hollow Investments, LP in Eastham Capital Fund II;

c. All stock or other holdings, right, title, and interest held in the name of Lecount Hollow Investments, LP in Consumer United;

d. All stock or other holdings, right, title, and interest held in the name of Lecount Hollow Investments, LP (all of which were subsequently transferred to Devorah Bitran) in Leader Bank;

e. All stock or other holdings, right, title, and interest held in the name of Lecount Hollow Investments, LP in Longbridge;

f. All stock or other holdings, right, title, and interest held in the name of Lecount Hollow Investments, LP in MHS Capital Partners, LP;

g. All stock or other holdings, right, title, and interest held in the name of Lecount Hollow Investments, LP in MPP Fluid, LLC;

h. All stock or other holdings, right, title, and interest held in the name of Marco Bitran in Opower, Inc.;

i. $4,300,000 in disgorgement previously paid by GMB Capital Management LLC, GMB Capital Partners LLC, Gabriel Bitran and Marco Bitran, jointly and severally, to the United States Securities and Exchange Commission (the "SEC"), plus any accrued interest, and less any outstanding taxes and fees the payment of which is authorized by the SEC, and contingent upon approval by the SEC for use of such monies for forfeiture in this criminal action;

j. $250,000 in civil penalties previously paid by Gabriel Bitran to the SEC, plus any accrued interest, and less any outstanding taxes and fees the payment of which is authorized by the SEC, and contingent upon approval by the SEC for use of such monies for forfeiture in this criminal action; and

k. $250,000 in civil penalties previously paid by Marco Bitran to the SEC, plus any accrued interest, and less any outstanding taxes and fees the payment of which is authorized by the SEC, and contingent upon approval by the SEC for use of such monies for forfeiture in this criminal action; and



    1.    The sum of $4,690,000 in United States currency

(collectively, the "Forfeitable Properties").

Defendant admits that the Forfeitable Properties are subject to forfeiture on the grounds that they are properties, real or personal, that constitute, or are derived from, proceeds traceable to the commission of the conspiracy to commit violations of 15 U.S.C. § 78ff and 18 U.S.C. § 1343, as charged in Count One of the Information. Defendant agrees to consent to the entry of orders of forfeiture for the Forfeitable Properties, jointly and severally with co-defendant Gabriel Bitran, and Defendant waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The United States Attorney's Office agrees that it will recommend that the Department of Justice approve the use of restoration procedures for all forfeited assets, to allow payment of forfeited assets toward the restitution order entered in this case.

    Defendant agrees to assist fully in the forfeiture of the Forfeitable Properties. Defendant agrees that at the time of sentencing he and his co-defendant Gabriel Bitran shall provide to the United States a certified or bank check payable to the United States Marshals Service in the amount of $4,690,000. Defendant further agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees that he will not assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding and that he will testify truthfully in any such proceeding. Defendant further states that no person other than Defendant, co-defendant Gabriel Bitran, Laurinda Bitran, Devorah Bitran, GMB Capital Management LLC, GMB Capital Partners LLC. and Lecount Hollow Investments, LP have any right, title, or interest in the Forfeitable Properties and that as detailed on the Waiver of Claim and Consent to Forfeiture attached hereto as Attachment B, all such parties waive any and all claims to the Forfeitable Properties, and consent to the forfeiture of the Forfeitable Properties.

    Defendant further agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Agreement. Defendant agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with regard to such challenge or review.

11.    <u>Information For Presentence Report</u>

    Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

12. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in Paragraph 1 of this Agreement.

13. Withdrawal of Plea By Defendant or Rejection of Plea by Court

Should Defendant move to withdraw his guilty plea at any time, or should the Court reject the parties' agreed-upon disposition of the case or any other aspect of this Agreement, this Agreement shall be null and void at the option of the U.S. Attorney. In this event, Defendant agrees to waive any defenses based upon the statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act with respect to any and all charges that could have been timely brought or pursued as of the date of this Agreement.

14. Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has engaged in any of the activities set forth in Paragraph 4(a)-(j), has violated any condition of Defendant's pretrial release, or has committed any crime following Defendant's execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, regardless whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which otherwise may have been brought against the Defendant and/or have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that his breach of an obligation under this Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea. Defendant further understands that, should he breach any provision of this Agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements that Defendant may make, and any information, materials, documents or objects that Defendant may provide to the government subsequent to this Agreement without any limitation. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

15. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

16. Complete Agreement

This letter contains the complete and only agreement between the parties relating to the



disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Sara Miron Bloom.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By: [signature]
CYNTHIA A. YOUNG
Chief, Criminal Division
JAMES HERBERT
Deputy Chief, Criminal Division

JB - MB

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter and that I have received no prior offers to resolve this case. I understand the crime to which I have agreed to plead guilty, the maximum penalties for this offense and Sentencing Guideline penalties potentially applicable to it. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offense to which I am pleading guilty and I believe this Agreement is in my best interest.

Marco Bitran
Defendant

Date: 8/6/14

I certify that Marco Bitran has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly. I also certify that the U.S. Attorney has not extended any other offers to resolve this matter.

Mark Pearlstein
Attorney for Defendant Marco Bitran

Date: 8-8-14

BLANK

MB

Attachment A to Plea Agreements of Marco Bitran and Gabriel Bitran

1. $350,000 on the renovation of a property at 75 F Street. This expense will be 100% funded through a bank loan that is specifically earmarked for the renovation at 75 F Street. The $350,000 will be paid out in portions, as the construction is completed.
2. $50,000 to repair fencing, rear egress issues, lighting and water leak issues at 303 Dudley Street.
3. $25,000 to repair brick siding and structural brick issues at 303 Dudley Street, as cited by the Metropolitan Boston Housing Partnership
4. $15,000 in eviction litigation with a tenant at 4 Kearsarge Ave #1, Roxbury MA 02119 (Isalia Property Group is the property manager).
5. All management and general overhead expenses (e.g., routine maintenance, salary for management company employee, taxes and debt) are funded through rent.
6. As yet undetermined expenses not to exceed $20,000 related to the potential sale of 3977 Washington St and 4073 Washington St (being sold to fund restitution), not including brokerage fees and other fees related to the sale.

In addition, between the date of execution of this plea agreement and the date of sentencing, there will be expenses related to the commercial real estate owned or managed by Marco or Gabriel Bitran, their families or related entities. (Commercial real estate does not include Marco or Devorah Bitran's personal residence; expenses related to that property are included in the $10,000 monthly personal allowance.) Ordinary management and overhead expenses that do not exceed $25,000 need not be disclosed to the United States Attorney's Office.

Non-routine expenses of greater than $50,000 must be disclosed to the USAO, and assent given by a representative of the United States Attorney's Office in writing prior to the expense being incurred.

MB

**Attachment B to Plea Agreements of Gabriel and Marco Bitran**

**WAIVER OF CLAIM AND CONSENT TO FORFEITURE**

The undersigned persons and entities (the "Parties"), after consultation with counsel, waive any and all claims to, and consent to the forfeiture to the United States of, the following assets:

a. All stock or other holdings, right, title, and interest held in the name of Devorah Bitran in Eastham Capital Fund III;

b. All stock or other holdings, right, title, and interest held in the name of Lecount Hollow Investments, LP in Eastham Capital Fund II;

c. All stock or other holdings, right, title, and interest held in the name of Lecount Hollow Investments, LP in Consumer United;

d. All stock or other holdings, right, title, and interest held in the name of Lecount Hollow Investments, LP (all of which were subsequently transferred to Devorah Bitran) in Leader Bank;

e. All stock or other holdings, right, title, and interest held in the name of Lecount Hollow Investments, LP in Longbridge;

f. All stock or other holdings, right, title, and interest held in the name of Lecount Hollow Investments, LP in MHS Capital Partners, LP;

g. All stock or other holdings, right, title, and interest held in the name of Lecount Hollow Investments, LP in MPP Fluid, LLC;

h. All stock or other holdings, right, title, and interest held in the name of Marco Bitran, in Opower, Inc.;

i. $4,300,000 in disgorgement paid by GMB Capital Management LLC, GMB Capital Partners LLC, Gabriel Bitran and Marco Bitran, jointly and severally, to the United States Securities and Exchange Commission (the "SEC"), plus any accrued interest, and less any outstanding taxes and fees the payment of which is authorized by the SEC, and contingent upon approval by the SEC for use of such monies for forfeiture in this criminal action;

j. $250,000 in civil penalties paid by Gabriel Bitran to the SEC, plus any accrued interest, and less any outstanding taxes and fees the payment of which is authorized by the SEC, and contingent upon approval by the SEC for use of such monies for forfeiture in this criminal action;

k. $250,000 in civil penalties paid by Marco Bitran to the SEC, plus any accrued interest, and less any outstanding taxes and fees the payment of which is authorized

GB
MB

by the SEC, and contingent upon approval by the SEC for use of such monies for forfeiture in this criminal action; and

l. The sum of $4,690,000 in United States currency to be paid by Marco and/or Gabriel Bitran to the United States.

(collectively, the "Forfeitable Properties").

The Parties further agree to promptly take all steps necessary to pass clear title to the Forfeitable Properties to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture.

The Parties further hereby release and forever discharge the United States, its officers, agents, and employees, their heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity that it, its successors, or assigns ever had, now have, or may have in the future in connection with the detention, seizure and/or forfeiture for the Forfeitable Properties.

The Parties further agree to hold and save the United States, its officers, agents, servants and employees, their heirs, successors, or assigns, harmless from any claims by any others, including costs and expenses for or on account of any and all lawsuits or claims of any character whatsoever in connection with the detention, seizure and/or forfeiture of the Forfeitable Assets.

As to any entity entering into this agreement, the individuals executing this agreement on behalf of such entities represent and warrant that they are signing the agreement in their official capacity and are authorized to execute the agreement on behalf of the entity, including but not limited to obtaining any Resolution by a Board of Directors or other written authorization as necessary to execute this agreement and bind the entity, and that a copy of any such written

authorizations shall be provided to the United States on the same date that this agreement, after execution, is submitted to the United States;

This agreement may be executed in two or more counterparts, and by facsimile, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties and delivered to the United States, it being understood that all parties need not sign the same counterpart.

The undersigned hereby execute this waiver and consent as their free act and deed.

**MARCO BITRAN,**
Individually,

Date: 8/6/14

**GABRIEL BITRAN,**
Individually,

Date: 8/7/2014

**DEVORAH BITRAN,**
Individually,

Date: 8/6/14

**LAURINDA BITRAN,**
Individually,

Laurinda Bitran 8/6/2014

Date:

**LECOUNT HOLLOW INVESTMENTS, LP,**
By,

Signature

Laurinda Bitran
Print Name

Manager for Gen'l Partner
Print Title

Date: 8/6/2014

**GMB CAPITAL MANAGEMENT LLC,**
By,

Signature

Laurinda Bitran
Print Name

Manager
Print Title

Date: 8/6/2014

| **GMB CAPITAL PARTNERS LLC,** | |
|---|---|

MB

| By, Laurinda Bitran<br>Signature<br>Laurinda Bitran<br>Print Name<br>Manager<br>Print Title<br>Date: 8/6/2014 | |
|---|---|

9/3 MB